IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SAMUEL HOOPER                                                                    PLAINTIFF

v.                                    CIVIL NO. 22-6122

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Samuel Hooper, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on April 23, 2018, and December 29, 2018, respectively, alleging an inability to work since July 1, 2016, due to diabetes, hypertension, heart problems, high cholesterol, anxiety, depression, and chronic back pain. (Tr. 67, 86, 233). For DIB purposes, Plaintiff maintained insured status through September 30, 2020.[1] (Tr. 12, 38, 233). An administrative telephonic hearing was held on December 1, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 33-61).

By written decision dated December 10, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: hypertension; coronary artery disease; congestive heart failure; non-insulin dependent diabetes mellitus with peripheral neuropathy; degenerative disc disease at L5-S1, status post fusion; obesity; anxiety; and depression. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found that through the date last insured, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to jobs involving simple tasks with no detailed or complex instructions. He is limited to jobs involving only incidental contact with the public.

(Tr. 14). With the help of a vocational expert, the ALJ determined that through the date last unsured, Plaintiff could perform work as a marker, a routing clerk, and a housekeeper/cleaner. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on September 29, 2022. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 16, 18).

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence

on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an

impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

### III.   Discussion:

The regulations governing the consideration of medical opinions were revised for claims filed on or after March 27, 2017. Plaintiff filed his claims for DIB and SSI on April 23, 2018, and December 29, 2018, respectively. Accordingly, the ALJ's treatment of medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under this Regulation, ALJs are to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors – supportability, consistency, the medical source's relationship with the claimant, specialization, and other factors such as the source's understanding of the Social Security Administration's disability policies and their familiarity with other evidence in the claim. 20 C.F.R. § 404.1520c(c). ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b). These regulations require the ALJ to discuss, at a minimum, the supportability and consistency of a medical opinion.

In this case, the ALJ failed to discuss either supportability or consistency when he discussed the opinions of Drs. David Coffman, Mark McGaughey and Lucy Sauer - all non-examining medical consultants. (Tr. 22). The ALJ's failure to do so "is a legal error that warrants remand. *Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of

4

medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the RFC determination). On remand, the ALJ is directed to determine the level of persuasiveness of each medical opinion of record making sure to articulate, at a minimum, the factors of supportability and consistency.

## IV. Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of October 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE